APPEAL CASE NO. 25-1110

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

J. ALEX HALDERMAN,

    Plaintiff-Appellee,

v.

HERRING NETWORKS, INC., dba One America New Network;
CHARLES HERRING; ROBERT HERRING, SR.; CHANEL RION,

    Defendants-Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
IN CASE NO. 2:24-mc-51057
JUDGE DAVID LAWSON

**APPELLEE'S RESPONSE IN OPPOSITION TO
APPELLANTS' MOTON TO HOLD APPEAL IN ABEYANCE**

J. Alex Halderman, Plaintiff-Appellee, by his attorneys, Demorest Law Firm, PLLC, states as follows for his Response in Opposition to Appellants' Motion to Hold Appeal in Abeyance:

This Court has already granted Appellants' Motion to Enlarge Briefing Schedule (Feb. 25, 2025 Ruling Letter). Even so, Appellants appear to maintain their Motion to Hold Appeal in Abeyance ("Motion"). Appellee opposes this Motion for the following reasons.

1. There is no need to hold the case in abeyance because of a pending post-judgment District Court motion. Federal Rule of Civil Procedure 62.1 includes an express mechanism for advising this Court of any relevant developments in the District Court: "(b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue." If this Court wishes to remand after that determination, it may. There is no need to place the entire case on hold in the meantime.

2. There is a conflict in the record that Appellants have created that would unnecessarily complicate granting this Motion. Appellants asserted to the District Court that they received newly discovered evidence produced by the Michigan Department of State on January 30, 2025, six days after the District Court entered the Judgment from which Appellants now appeal (Rule 62.1 Motion for Indicative

1

Ruling, R.32, PageID.1882, ¶2). Despite having a minimum of 30 days after entry of judgment to file a notice of appeal per Fed. R. App. P. 4(a)(1)(A), (a)(4), and despite stating they received this claimed new evidence on January 30, 2025, Appellants filed their Notice of Appeal the very next day, January 31, 2025 (Notice of Appeal, R.29, PageID.1876).

Appellants have told this Court something different: that "[w]ithin days *after noticing this appeal, [Appellants] received a production* of records from the Michigan Department of State," including the claimed newly discovered evidence cited in the motion for indicative ruling in the District Court (Doc. 9, Defendants' Motion to Hold Appeal in Abeyance, para. 4 (emphasis added); see also Doc. 13, Motion to Enlarge Briefing Schedule, para. 1) ("Based on newly discovered evidence **obtained after noticing this appeal**, the defendants filed a Rule 62.1 motion with the district court seeking an indicative ruling") (emphasis added).

3.      In any event, the motion filed in the District Court lacks merit. It was procedurally improper, and the claimed newly discovered evidence is immaterial to the issue. Furthermore, significant portions of the motion for indicative ruling, if not a majority, make arguments divorced from the claimed newly-discovered evidence and are really a disguised motion for reconsideration. Appellee will not re-argue the opposition he filed with the District Court, but suffice it to say that this

2

Court should not anticipate that the District Court will state that it has found a substantial question or that it would grant post-judgment relief on remand.

For the foregoing reasons, Appellee respectfully submits that this Court should deny Appellants' Motion.

DEMOREST LAW FIRM, PLLC

By: /s/ *Mark S. Demorest*
Mark S. Demorest (P35912)
Attorneys for Plaintiff-Appellee
322 W. Lincoln Ave.
Royal Oak MI 48067
(248) 723-5500
mark@demolaw.com

Dated:  February 27, 2025

## CERTIFICATION PURSUANT TO FRAP 32(a)(7)(C)

Mark S. Demorest, attorney for Plaintiff-Appellee, hereby certifies pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure that Plaintiff-Appellee's Response in Opposition to Appellants' Motion to Hold Appeal in Abeyance was typed using Microsoft Word. That program has a function which can calculate the total number of words contained in a document. According to that program function there are 695 words in this Response.

/s/ Mark S. Demorest
Counsel for Plaintiff-Appellant

Primerus/Alex Halderman (1593)/APPEAL/1 Draft Pleadings/2025 02 26 Appellee's Opposition to Motion to Hold Appeal in Abeyance.docx