# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
# CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES

Case No: 25-1110    Case Manager: Roy G. Ford

Case Name: J. Halderman v. Herring Networks, Inc., et al.

Is this case a cross appeal?   ☐ Yes   ☒ No
Has this case or a related one been before this court previously?   ☒ Yes   ☐ No
If yes, state:
  Case Name: Same    Citation: No. 25-1531
  Was that case mediated through the court's program?   ☐ Yes   ☒ No

**Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:**

See attachment.

This is to certify that a copy of this statement was served on opposing counsel of record this  25  day of  June , 2025 .

Joseph E. Richotte
Name of Counsel for Appellant

№ 25-1110 & 25-1531

ATTACHMENT TO
CIVIL STATEMENT OF PARTIES AND ISSUES

The appellee is J. Alex Halderman, the plaintiff below. The appellants are Herring Networks, Inc. doing business as One America News Network, Charles Herring, and Robert Herring, Sr., (collectively, the OAN defendants, Chanel Rion has been dismissed). This appeal relates to a defamation case pending in the U.S. District Court for the District of Columbia, brought by US Dominion, Inc. et al. (Dominion) seeking $1.75 billion in damages for statements that problems in the November 2020 election (2020 Election), like that experienced in Antrim County, Michigan, were caused by Dominion software glitches, and not solely human error. Halderman's deposition is being sought in the underlying case and is also extensively featured in Dominion's summary judgment motion recently filed in the underlying case.

This appeal, No. 25-1531, relates to a prior appeal, No. 25-1110, which OAN is seeking to consolidate. Both appeals arise from a District Court ruling granting a motion to quash the subpoena of Halderman, which Halderman, who is located in Michigan, filed in the U.S. District Court for the Eastern District of Michigan. This second appeal, No. 25-1531, also arises from a subsequent order denying a Rule 62.1 motion for an indicative ruling under Rule 59(e) which sought to bring in new documents produced by the Michigan Department of State. The defendants challenge the district court's orders quashing the subpoena and denying the indicative ruling as an abuse of discretion on essentially the same grounds as in the first appeal but on the expanded record.

OAN's position is that its request to depose Halderman is not about his expert opinions, even though OAN offered to compensate him for his time. It is undisputed that Halderman interjected himself into the discussion on the 2020 Election long before the defendants subpoenaed him for a deposition. Prior to him being retained as an expert for the MI AG, on November 7, 2020, Halderman voluntarily talked to the press and tweeted about the Antrim County vote miscount. Five days later, Halderman reached out to Dominion to offer his "help." This is about the facts he learned through his conversations with Dominion executives and the access that only he was given to the Antrim County voting machines and election management system (EMS) data from the 2020 Election. It is simply untrue and unsupported by the record that OAN could have or does have access to these facts without Halderman. Nor could OAN hire an expert to see what Halderman saw. Finally, only Halderman knows what he was told after he made his observations (either by Dominion or Michigan officials, or both) that ultimately informed the public on the 2020 Election vote miscount in Antrim County.